HARRINGTON v. VILLAGE OF WARSAW.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

1. CHANGE OF VENUE—OFFER TO STIPULATE FOR REFERENCE.
The denial of a motion by defendant to change the place of trial to another county for the convenience of witnesses, on the ground of a stipulation offered by plaintiff for a reference, and that the testimony for defendant may be taken in such other county, is erroneous where the action is one in which a reference cannot be compelled.

2. SAME—CONVENIENCE OF WITNESSES.
Where it is shown that a much larger number of material witnesses in an action reside in another county, where the cause of action arose, a change of venue to such county should be granted.

Appeal from special term, New York county.

Action by Alice E. Harrington, as administratrix, against the village of Warsaw. From an order denying a motion to change the place of trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Frank W. Brown, for appellant.
Charles M. Earle, for respondent.

PATTERSON, J. This is an appeal from an order denying the defendant's motion to change the place of trial from the county of New York to the county of Wyoming. The plaintiff, as administratrix, etc., of her deceased husband, brought this action against the village of Warsaw to recover upon a quantum meruit for services rendered by her husband in his lifetime and as an attorney and counselor at law to and upon the employment of the defendant. The complaint contains the ordinary allegations in cases of this character, but sets out specifically the fact that the employment of Mr. Harrington was for the purpose of rendering counsel and advice and assisting in an action or legal proceedings pending or in contemplation, and advising in the matter of the construction of a system of waterworks for the defendant village, and in selling and disposing of bonds to be issued in connection with the construction of the waterworks referred to; and that the services rendered by Mr. Harrington to the defendant also consisted, among other things, in the preparation of newspaper articles advocating the establishment of the waterworks system, in drawing the papers in regard thereto, consulting and advising with the officers of the defendant with reference thereto, the preparation of memorials for the legislature, advising with the village trustees, and the preparation of the bonds to be issued for the cost of construction of the waterworks, and various other matters not connected with the trial or preparation of causes pending in the court; for all of which the plaintiff demands the sum of $1,700. The answer admits the employment of Mr. Harrington, but in one action only, the title of which is given in the answer, and in one specific other matter, namely, that of assisting and preparing the bonds to be issued for the waterworks

system, and it is alleged that.the services rendered by Mr. Harrington were worth the sum of $200, and no more. The plaintiff was appointed administratrix in Wyoming county, where she resided with Mr. Harrington at the time of his death, which occurred in July, 1895. All of the transactions which the plaintiff alleges took place, and all of the work and labor and service he rendered upon the employment of the defendant, were so rendered in the county of Wyoming, and, such being the situation, the defendant moved to change the place of trial from New York county to Wyoming county, on the ground, particularly, of the convenience of witnesses. The court below denied the motion, and seems to have done so in view of the stipulation which the plaintiff agreed to make provided the venue were not changed, namely, to consent to a trial of the action before a referee, and this stipulation seems to have been influential with the court below, for in its decision the remark is made that, in view of the stipulation to refer, the motion to change the place of trial is denied, without costs. If that were the only ground upon which the motion was denied, a reversal of the order would necessarily follow, for the case was not in its nature such a one as could be referred upon compulsion, and the effect of the order would be to give to the plaintiff the double advantage of defeating the defendant's motion and of trying the cause, which should be tried before a jury, in another way. But, assuming that that was not the only reason which impelled a denial of the motion, but that it was decided upon the merits of the application, we are convinced that the order was wrong, and that the motion should have been granted. From the nature of the action and from the contents of the affidavits in the motion papers it is apparent, in the first place, that much of the history and details of the scheme of the Warsaw waterworks system must be the subject of investigation at the trial, as well as the actual service rendered by Mr. Harrington in the various matters referred to in the complaint and answer. The defendant's affidavits show that witnesses residing in Wyoming county, namely, the trustees of that village, eight in number, of whom certainly three or four will be necessary witnesses, must be examined at the trial. There are also seven or eight other witnesses to the facts as to services rendered by Mr. Harrington, and also others as to the value of the services so rendered. In opposition to this, two things are set forth by the plaintiff, the first of which is that she has offered to stipulate that the facts sought to be proven by the defendant by four of its designated witnesses may be considered as proven in the case, and that some of the facts which the defendants claim would be proven by some seven other witnesses may be regarded also as facts in the case. But these stipulations are neither sufficient in substance nor form to bind the plaintiff to the admission of every fact which those witnesses might testify to, and the defendant should not be exposed to the risks which would attend the conduct of a trial upon such a vague and general stipulation. In the second place, the plaintiff resists the motion on the ground that the material and necessary witnesses on her

behalf outnumber those required by the defendant. Some 10 or 12 witnesses are named by her, of whom half are lawyers, whose testimony would go merely to the question of the value of Mr. Harrington's services. It is not to be assumed that any court would allow six witnesses on a side as to the value of a lawyer's services; and here, according to the plaintiff's own showing, there were but two subjects of employment, one being that connected with the preparation of a cause in court, and the other literary and other work and personal efforts in connection with the Warsaw waterworks system. How these six gentlemen, lawyers in and about the city of New York, could be available as literary experts or negotiators for the sale of bonds is not made to appear. Evidence of the brokers, Messrs. Moller, & Shepard, might doubtless be material on the trial of the cause, but there is no reason why they should not be subpoenaed to attend at Wyoming county, or their convenience outweigh that of the great number of witnesses for the defendant who would have to be brought to the city of New York, and maintained here at considerable expense awaiting the trial. But, the defendant having expressed a willingness to stipulate that the correspondence between Mr. Harrington and Messrs. Moller & Shepard may be used in evidence, or that the depositions of those gentlemen may be read at the trial, instead of their personal attendance being required, we think, under the circumstances, that it is but just to hold it to that offer. The only other remaining witnesses are the plaintiff and two members of her family, and it is unnecessary to say that simply on her behalf and for their convenience nothing is shown to justify the denial of the motion.

The order appealed from must be reversed, with $10 costs and disbursements of appeal, and the motion to change the place of trial be granted, with $10 costs to abide event, upon the defendant stipulating that the testimony of the two witnesses referred to may be taken by deposition and read on the trial with the same force and effect as if they were examined orally at the trial, and that the correspondence between Mr. Harrington and those witnesses may be read in evidence on the part of the plaintiff, subject to all other legal objections except that of competency. All concur.